IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. AP-75,403 & AP-75,404






EX PARTE LIONEL HENDERSON, Applicant









ON APPLICATIONS FOR WRIT OF HABEAS CORPUS 

CAUSE NUMBERS 85485-A AND 86486-A

FROM THE CRIMINAL DISTRICT COURT OF JEFFERSON COUNTY 




 Per curiam.



O P I N I O N



 These are applications for a writ of habeas corpus which were transmitted to this
Court by the clerk of the trial court pursuant to the provisions of Article 11.07, Section 3 of
the Texas Code of Criminal Procedure. Ex Parte Young, 418 S.W.2d 824, 826 (Tex. Crim.
App. 1967). Applicant was convicted on two separate indictments of felony theft, and
punishment was assessed at two years in state jail in each cause, probated over five years. 
A motion to revoke was later granted and punishment was assessed at 23 months in state jail
in each cause. Applicant appealed these convictions but the appeals were dismissed for want
of jurisdiction based on the trial court's certification that they were plea-bargained cases and
Applicant had no right to appeal. Henderson v. State, Nos. 09-04-00183-CR and -00184-CR
(Tex. App. - Beaumont June 10, 2004, no pet.). 

 Applicant alleges that he was denied the right to appeal the revocation of his
probation, and that he was denied due process at the revocation hearings for not being
allowed to present testimony or evidence concerning sentencing. In its findings of fact and
conclusions of law, the trial court concludes that Applicant is entitled to out-of-time appeals
because he was previously sentenced to adjudicated probation, and then revoked and
sentenced to confinement in state jail. Tex. Code Crim. Proc. art. 42.12, Section 23(b). 
The trial court's recommendation is supported by the record. 

 Habeas corpus relief is granted. Applicant is granted leave to file out-of-time notices
of appeal from his convictions in cause numbers 85485-A and 86468-A in the Criminal
District Court of Jefferson County, Texas. The proper remedy in a case such as this is to
return Applicant to the point at which he can give notices of appeal. For purposes of the
Texas Rules of Appellate Procedure, all time limits shall be calculated as if the convictions
had been entered on the day that the mandate of this Court issues. We hold that Applicant,
should he desire to prosecute appeals, must take affirmative steps to see that notices of appeal
are given within thirty days after the mandate of this Court has issued.


DELIVERED: May 10, 2006

DO NOT PUBLISH